IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 JUN -5 P 2: 57

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

EARL STONE, *et al.*,

 Plaintiffs,

v.             Case No.: GJH-17-353

TOWN OF CHEVERLY, MARYLAND,
*et al.*,

 Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Earl Stone and Edmund Gizinski, former Cheverly Police Officers, bring claims against the Town of Cheverly and Chief of Police Harry Robshaw, Town Administrator David Warrington, and Sergeant Jarod J. Towers, individually and in their official capacities, related to Robshaw's and Warrington's alleged pattern of discrimination and retaliation within the Cheverly Police Department. On September 5, 2017, the Court issued an Order dismissing eight of the ten counts set forth in the Complaint. ECF No. 34. Plaintiffs now move the Court to amend judgment and reconsider that Order. ECF No. 40-1. Defendants filed an opposition to Plaintiffs' Motion, ECF No. 41, to which Plaintiffs have not replied. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion is denied.

**I. BACKGROUND**

Plaintiffs brought a myriad of federal and state claims related to Defendants' alleged pattern of discrimination and retaliation, ECF No. 2, but because Plaintiffs failed to meet the specific procedural requirements associated with many of the remedies they sought, the Court

1

dismissed all but two of these claims. Only Stone's federal age discrimination claim within Count 1 and Stone and Gizinski's claims under 42 U.S.C. § 1985(2) within Count 7 remain. *See* ECF No. 34 ¶ 3. As related to Plaintiffs' Motion herein, the Court dismissed all of Plaintiffs' state law claims because Plaintiffs did not strictly or substantially comply with the statutory notice requirements set forth in the Local Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts & Jud. Proc. § 5-304. *See* ECF No. 33 at 15.[1] Nor did Plaintiffs demonstrate good cause for their failure to comply. *Id.*

The Court also dismissed Plaintiffs' claim that they were retaliated against for engaging in protected activity and for opposing practices made unlawful by the Americans with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA"). The Court found that Plaintiffs failed to exhaust their administrative remedies with the Equal Employment Opportunity Commission ("EEOC") because Plaintiffs' EEOC charge of discrimination did not put their employer on notice of any potential ADA and ADEA retaliation claims. *Id.* at 19. Rather, the EEOC charge only alleged that Plaintiffs were retaliated against for engaging in conduct protected under Title VII of the Civil Rights Act, and the ADA and ADEA retaliation claims could not be expected to follow from a reasonable administrative investigation into their Title VII-related allegations. *Id.* at 19.[2]

## II. DISCUSSION

Plaintiffs now seek relief from the Court's prior Order, styling their motion as a "Motion to Amend Judgment and For Reconsideration." ECF No. 40. Plaintiffs argue that their state law claims should not be dismissed for failure to comply with the LGTCA notice provisions because

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] While the Court found that Plaintiffs exhausted their Title VII retaliation claim, the Court dismissed the claim because Plaintiffs' underlying conduct supporting their charge was not protected activity under Title VII.

2

such provisions are inapplicable to defendants sued in their individual capacity for torts committed with malice, evil intent, or recklessness. *See* ECF No. 40-1 at 2. Plaintiffs also argue that their EEOC charge was sufficient to exhaust their administrative remedies for their retaliation claims. *Id.* Pursuant to Local Rule 105.10 (D. Md. 2016), a motion to reconsider any order issued by the Court shall be filed within fourteen days, except as otherwise provided in Federal Rules of Civil Procedure 50, 52, 59, or 60. Plaintiffs' motion was filed on October 1, 2017, more than fourteen days after the Court's September 5, 2017 Order, ECF No. 34, and is untimely. Therefore, Plaintiffs' motion will only be considered if allowed by one of the enumerated Federal Rules.

Plaintiffs do not mention these Rules, any other Federal or Local Rules, or any other legal authority as a basis for why the Court should reconsider its prior ruling. Of the four rules referenced in Local Rule 105.10, only Rules 59(e) and 60 are potentially applicable; however, neither rule can provide the relief Plaintiffs seek. Rule 59(e) provides that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." However, because the Court did not dismiss all of Plaintiffs' claims, the Order is not presently a "judgment" in that it is not an "order from which an appeal lies." *See* Fed R. Civ. P. 54(a); 54(b) (noting that any order or decision that adjudicates fewer than all the claims does not end the action unless the court expressly directs entry of a final judgment as to one or more of the claims). Therefore, Plaintiffs cannot seek relief through Rule 59(e).

Rule 60 provides that the Court may relieve a party from an Order for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; (6) any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(b)(1)–(6). Plaintiffs do not allege that any of the five enumerated reasons apply, and the Court finds that their arguments in support of their Motion do not justify relief under Rule 60(b)(6). *See Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (Rule 60(b)(6) is a catchall provision limited to "situations involving extraordinary circumstances.").

In opposition to Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment, ECF No. 19, Plaintiffs unsuccessfully argued that the Court should excuse their failure to comply with the notice requirements of the LGTCA because their failure to do so did not prejudice Defendants. ECF No. 23 at 57. Plaintiffs now argue that the LGTCA's notice provisions do not apply to individual defendants acting with malice. *See* ECF No. 40-1 at 3 ("in each of the following state law claims [Plaintiffs] are asserting malicious conduct and/or a reckless disregard for Plaintiffs' protected rights which takes the conduct outside the notice provisions and protections of the LGTCA"). However, the Court will not consider the merits of such an argument for the first time herein because a Rule 60(b)(6) motion "is not an appropriate place to slip in arguments that should have been made earlier." *See Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005); *see also United States v. Williams*, 674 F.2d 310, 312–13

(4th Cir. 1982) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue.").[3]

Finally, Plaintiffs provide no issue for the Court to reconsider with respect to their ADA and ADEA retaliation claims. Plaintiffs repeat their prior argument that their "EEO charge clearly mentions that they were retaliated against for opposing and participating in Ofc. Schmidt's discrimination and retaliation case." ECF No. 40-1 at 11. But Plaintiffs fail to acknowledge that while the Court *did* find that their EEO charge mentioned discrimination and retaliation, the Court determined that the Charge was limited to conduct relating to discrimination and retaliation under Title VII, not the ADEA or ADA. Plaintiffs provide no additional arguments to even suggest that the Court erred in this regard, but Plaintiffs are free to appeal the Court's conclusion upon final judgment. *See Aikens v. Ingram*, 652 F.3d 496, 502 (4th Cir. 2011) ("In short, Rule 60(b)(6) does not serve as a substitute for appeal.").

---

[3] While not ruling on Plaintiffs' argument regarding the applicability of the LGTCA's notice provision for claims against individual defendants acting with malice, the Court notes that Plaintiffs rely on one case, *Barber v. Pope*, 935 A.2d 699 (Md. 2007), for their argument. *See* ECF No. 40-1 at 8. Simply put, *Barber* is not applicable. In *Barber*, the Maryland Court of Appeals held that the notice requirements of the Maryland Tort Claims Act ("MTCA") do not apply when a plaintiff's complaint sufficiently alleges malice or gross negligence. *See Barber*, 935 A.2d at 714. The Court of Appeals made no mention of whether a similar rule applies to claims under the LGTCA. In fact, the Court of Appeals explicitly noted that the statutes serve different purposes and, as a result, case law applying to one does not necessarily apply to the other. *See id.* at 710 ("Notice under the MTCA plays an integral part, however, in the invocation of waiver of the State's sovereign immunity."); *id.* at 712 (noting that while the LGTCA permits judicial consideration of a claim when a plaintiff can show good cause for failure to comply with the notice provisions, no such allowance exists under the MTCA). Plaintiffs provide no case law applying *Barber* to excuse a plaintiff's failure to provide notice as required by the LGTCA, and the Court will not decide the issue here. *Cf. Crystal v. Batts*, No. JKB-14-3989, 2015 WL 5698534, at *11 (D. Md. Sept. 25, 2015) (noting that a finding of malice allows a plaintiff to execute a judgment against the employees themselves and allows the local government to seek indemnification from the employee, but it "does not allow a potential tort plaintiff to evade the notice requirements of Section 5-304.").

5

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend Judgment and for Reconsideration, ECF No. 40, shall be denied. A separate Order follows.

Dated: June 5, 2018

/s/ _____
GEORGE J. HAZEL
United States District Judge